UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH & WELFARE TRUST FUND, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LAMBARD ENTERPRISES, INC., <br><br> Defendant. | Case No: C 09-05189 SBA <br><br> **ORDER** <br><br> [Docket Nos. 27, 28, 31] |

Presently before the Court is the motion of Crawford & Bangs, LLP ("C&B") to withdraw as attorney of record for Defendant Lambard Enterprises, Inc. ("Defendant"), filed on May 12, 2010. (Docket No. 27.) Previously, on March 17, 2010, Plaintiffs filed a motion for summary judgment. On June 4, 2010, Plaintiffs filed a Request to Shorten Time on Defense Counsel's Motion to Withdraw as Attorney of Record for Defendant. (Docket No. 28.) On June 30, 2010, Plaintiffs filed a Statement of Non-Opposition to Defendant Counsel's Motion to Withdraw and Request to Expedite Entry of Judgment Without Hearing. (Docket No. 31.) On July 16, 2010, this Court granted Plaintiffs' motion for summary judgment.

Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS C&B's motion to withdraw, and DENIES as moot Docket Nos. 28 and 31, for the reasons set forth below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b).

I.   **DISCUSSION**

   A.   **Legal Standards**

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the client and all other parties in the action and

(2) obtains leave of the court.  Civ. L.R 11-5(a); Darby v. City of Torrance, 810 F. Supp. 275 (C.D. Cal. 1992).  Permission to withdraw is discretionary.  See Washington v. Sherwin Real Estate, 694 F.2d 1081, 1087 (7th Cir. 1982).

Failure of a client to pay attorney's fees is grounds for an attorney to withdraw.  Darby, 810 F. Supp. at 276; see also Rule 3-700(C)(1)(f) of the California Rules of Professional Conduct: permitting withdrawal when a client "breaches an agreement or obligation to the [attorney] as to expenses or fees."

Moreover, California Rule of Professional Conduct 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively."  However, before counsel can withdraw, counsel must comply with California Rule of Professional Conduct 3-700(A)(2), which provides that counsel "shall not withdraw from employment until the [attorney] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [return of client papers and property and unearned fees], and complying with applicable laws and rules."  See El Hage v. U.S. Sec. Associates, Inc., 2007 WL 4328809 at * 1 (N.D. Cal. 2007).

**B.     Analysis**

C&B has provided notice of the instant motion to Defendant and Plaintiffs, as indicated by the May 12, 2010 proof of service filed with the motion.  C&B also indicates that it has given Defendant verbal notice of its intent to seek permission to withdraw.  (Docket No. 27, Holbrook Decl., ¶ 9.)

C&B moves to withdraw on the grounds that Defendant has failed to meet its obligations under the Attorney-Client Fee Agreement entered into by C&B and Defendant by failing to pay bills for attorney's fees.  (Id., ¶¶ 2, 6.)  Specifically, Defendant owes $30,000 to C&B.  (Id.)  Defendant has represented to C&B that it has no funds available for payment of those outstanding bills, and that it is no longer operating and intends to file for bankruptcy. (Id., ¶ 6.)  In addition, C&B indicates that Defendant has failed to cooperate in this litigation regarding matters that are necessary for its defense, including failing to produce documents

requested by C&B.  (Id., ¶ 7.)  Lastly, C&B states that Defendant has given C&B verbal instruction to cease all further work in this matter, which has rendered the firm unable to effectively represent Defendant in this litigation.  (Id., ¶¶ 9-10.)

  C&B has shown that Defendant has made it unreasonably difficult for C&B to represent it by refusing to cooperate with document production and by instructing C&B to cease all work on Defendant's behalf.  C&B has made reasonable steps to avoid reasonably foreseeable prejudice to Defendant's rights by verbally informing Defendant that C&B would filing a motion to withdraw, and by giving Defendant notice of the current motion.  Lastly, C&B has shown that Defendant has not paid -- and has represented that it cannot pay -- the outstanding bills for attorney's fees incurred under the Attorney-Client Fee Agreement.  Accordingly, C&B has made an adequate showing that withdrawal should be permitted.

## II. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Crawford & Bangs, LLP's Motion to Withdraw as Attorney of Record for Defendant is GRANTED.  Crawford & Bangs, LLP is no longer counsel of record for Defendant and shall be terminated in ECF.

2. Crawford & Bangs, LLP shall immediately serve Defendant with a copy of this Order and shall thereafter file a proof of service to confirm the same.

3. Defendant should be aware that "a corporation may appear in the federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

4. Plaintiffs' Request to Shorten Time on Defense Counsel's Motion to Withdraw as Attorney of Record for Defendant (Docket No. 28) and Plaintiffs' Statement of Non-Opposition to Defendant Counsel's Motion to Withdraw and Request to Expedite Entry of Judgment Without Hearing (Docket No. 31) are DENIED as moot.

5. This Order terminates Docket Nos. 27, 28 and 31.

1  IT IS SO ORDERED.

2  Dated: August 24, 2010

    _____
3   SAUNDRA BROWN ARMSTRONG
    United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28